

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 6, 1952

Hon. Gibb Gilchrist
Chancellor
Texas A. & M. College System
College Station, Texas

Opinion No. V-1491

Re: Legality of expending funds
of the Texas Engineering Ex-
periment Station to pay the
Federal income tax imposed
by Section 422, Internal Reve-
nue Code, on unrelated busi-
ness income of State colleges
and universities.

Dear Sir:

You request an opinion of this office concerning the avail-
ability of funds with which to pay Federal income taxes on income
derived from fan testing activities of the Texas Engineering Experi-
ment Station. Under the provisions of the Internal Revenue Code,
income from activities unrelated to the function of a college or uni-
versity is subject to the payment of Federal income taxes. The
activity about which you inquire is explained by you as follows:

"The Texas Engineering Experiment Station, a part
of the Texas A. and M. College System, conducts research
projects designed to improve electric fan testing methods,
fan construction, and consumer utilization. In connection
with this research the Texas Engineering Experiment
Station conducts fan testing activities for manufacturers on
a fee basis. The data obtained from such tests is available
for research purposes. While this research could conceiv-
ably be conducted without the testing activities, the latter
are definitely a valuable adjunct to the former."

You point out, however, that the Bureau of Internal Reve-
nue has proposed the following definition of unrelated business net
income in its order published in 14 Fed. Reg. 204, 209 (1952):

"(iii) In the case of an organization operated primarily for the purpose of carrying on fundamental research (as distinguished from applied research) the results of which are freely available to the general public, all income derived from research performed for any person and all deductions directly connected with such income shall be excluded in computing unrelated business net income.

"(iv) For the purpose of this section, the term 'research' does not include activities of a type ordinarily carried on as an incident to commercial or industrial operations, for example, the ordinary testing or inspection of materials or products or the designing or construction of equipment, buildings, etc. The term 'fundamental research' does not include research carried on for the primary purpose of commercial or industrial application."

Based upon these facts you ask the following question:

"In order that we may comply with the State and Federal laws, we desire the opinion of your office as to whether or not the Texas Engineering Experiment Station may legally expend a portion of the net income derived from fan testing activities or any other source defined by Federal law as 'unrelated business income' to pay the Federal income tax imposed by Section 422 of the Internal Revenue Code or any other Federal law, beginning with the fiscal year 1952-53."

In answering your question we are expressing no opinion as to the liability of the Texas Agricultural and Mechanical College System or the Texas Engineering Experiment Station for the taxes in question. We are assuming, as you have assumed in your request, that there may be some liability and that your question concerns only the availability of funds with which to meet this liability.

The funds which are derived by the Texas Engineering Experiment Station for the testing in question are local or institutional funds, that is, they are not appropriated by the Legislature from the General Revenue Fund. Section 31 of Article 5 of House Bill 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1472

(General Appropriation Bill), provides in part:

"The governing boards of each of the colleges
or universities for which appropriations are made
herein shall deposit in the State Treasury all cash
receipts from all sources except auxiliary enter-
prises, noninstructional services, agency and re-
stricted funds, endowment funds, student loan funds,
and Constitutional College Building Amendment Funds.
The State Treasurer is directed to credit such receipts
deposited by each such institution to a separate fund ac-
count for the institution depositing the receipts, but he
shall not be required to keep separate accounts of types
of funds deposited by each institution. . . ."

Section 2 of Article 5 of House Bill 426, supra, at p. 1462,
provides:

"All balances in the institutional funds of the sev-
eral State institutions named in this Article, at the close
of the fiscal year ending August 31, 1951, including bal-
ances in their revolving funds at that time, and the en-
tire income to said funds during each of the fiscal years
ending August 31, 1952, and August 31, 1953, which are
not otherwise appropriated for either or both of said
fiscal years, are hereby appropriated for the operation,
maintenance, and improvement of said State institutions
during each of said fiscal years respectively."

It is thus seen that the funds derived from the fan testing
activity, being local or institutional funds, are appropriated "for
the operation, maintenance, and improvement" of the state insti-
tutions acquiring the funds. Should there be a liability for the in-
come tax caused by the carrying on of activities connected with the
research required in the operation of the Texas Engineering Exper-
iment Station, the payment of this liability would be required for the
operation and maintenance of Texas Agricultural and Mechanical
College System. The expenditure, therefore, would come within the
appropriation and a part of the local funds derived from the activity
causing the liability could be used for the purpose of paying the tax
if and when due.

## SUMMARY

Section 2 of Article V of House Bill 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228 (General Appropriation Bill) authorizes the Texas Engineering Experiment Station of the Texas Agricultural and Mechanical College System to expend a portion of the income derived from testing activities to pay Federal income taxes on the funds derived from the activity, if and when due.

APPROVED:

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

EJ:wb:mf

Yours very truly,

PRICE DANIEL
Attorney General

By *E. Jacobson*

E. Jacobson
Assistant